```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      CHARLESTON DIVISION
```

**MYRON D. DANIELS,**

    **Petitioner,**

v.                               **CIVIL ACTION NO. 2:09-0244**

**TERESA WAID, Warden,**
**Huttonsville Correctional**
**Center,**

    **Respondent.**

## MEMORANDUM OPINION

Pending before the court is petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. No. 1.) By standing order filed in this case on March 19, 2009, this matter was referred to Magistrate Judge Mary E. Stanley for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 8.) Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF & R") on May 13, 2009, and recommended that this court dismiss the instant petition without prejudice for failure to exhaust state court remedies. (Doc. No. 13.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's PF & R. Pursuant to § 636(b)(1)(C), the court need not conduct a *de novo* review of the PF & R when a party "makes general and conclusory

objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Petitioner submitted timely objections to the PF & R on May 21, 2009, of which the court has conducted a *de novo* review. (Doc. No. 14.)

Petitioner, who is serving two habitual life sentences concurrently for aggravated robbery, raises several grounds for relief in his petition, including denial of the right to appeal his conviction, insufficient evidence to convict, lack of jurisdiction in the trial court, and ineffective assistance of counsel below and of state court habeas counsel. (Doc. No. 1.) He also asserts in his petition that the requirement that he exhaust his state court remedies should be excused because the Circuit Court of Kanawha County has failed to act on his state court habeas petition, which was filed in 2005. (Id. at 5.)

In that action, Daniels v. Haines, No. 05-MISC-265 (Cir. Ct. Kanawha), the Circuit Court in 2006 appointed counsel from the public defenders office to represent petitioner for purposes of his habeas case. (Id. at 19.) On March 31, 2009, Judge Jennifer Bailey-Walker noted that the matter had been stagnant on the court's docket, and directed habeas counsel – whom petitioner had moved to dismiss from the case – to file an amended petition by April 30, 2009. At the time Magistrate Judge Stanley entered her PF & R, the amended petition had been filed on petitioner's behalf,

-2-

and was awaiting a response.  (Doc. No. 13 at 4.)  Although the magistrate judge acknowledged that petitioner had good reason to be frustrated with the lack of action on his state court habeas petition, she concluded that the instant action should be dismissed without prejudice pending exhaustion of the state court process. (Id. at 4-6.)

Petitioner objected to the PF & R, noting that a federal habeas corpus petition may be filed without exhaustion of state court remedies where "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(ii).  (Doc. No. 14 at 2.)  He also cited case law from several other United States Circuit Courts of Appeal to the effect that an inordinate delay in state court collateral proceedings may excuse the exhaustion requirement under § 2254. See Jackson v. Duckworth, 112 F.3d 878 (7th Cir. 1997); Carpenter v. Young, 50 F.3d 869 (10th Cir. 1995); Story v. Kindt, 26 F.3d 402 (3rd Cir. 1994); Hendricks v. Zenon, 993 F.2d 664 (9th Cir. 1993); Hankins v. Fulcomer, 941 F.2d 246 (3rd Cir. 1991); Cody v. Henderson, 936 F.2d 715 (2nd Cir. 1991); Elcock v. Henderson, 902 F.2d 219 (2nd Cir. 1990); Vail v. Estelle, 711 F.2d 630 (5th Cir. 1983).

Upon inquiry into the current status of the state court action, the court's staff was informed by the Clerk of the Circuit Court that the action remains pending one year later, approximately

five years after it was originally filed. Given the continued delay on the part of the state court, and in light of the above authority, the court deems it appropriate to refer this matter to the magistrate judge for consideration of whether petitioner's failure to exhaust the state court process should be excused.[1]

Petitioner's objections are therefore **SUSTAINED** and this matter is **REFERRED** to Magistrate Judge Stanley for further consideration.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to Magistrate Judge Stanley, to all counsel of record, and to petitioner, pro se.

**IT IS SO ORDERED** this 11th day of June, 2010.

ENTER:

David A. Faber
Senior United States District Judge

---

[1] Although the Fourth Circuit Court of Appeals has noted this line of authority without disapproval, it is not clear whether the Fourth Circuit recognizes an exhaustion exception based on inaction in the state court. See Farmer v. Circuit Court of Maryland, 31 F.3d 219, 223 (4th Cir. 1994)("There is of course authority for treating sufficiently diligent, though unavailing, efforts to exhaust as, effectively, exhaustion, and for excusing efforts sufficiently shown to be futile in the face of state dilatoriness or recalcitrance.")(citing Harris v. Champion, 15 F.3d 1538 (10th Cir. 1994); Workman v. Tate, 957 F.2d 1339 (6th Cir. 1992)).