**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**MYRON D. DANIELS,**

**Petitioner,**

**v.** **Case No. 2:09-cv-00244**

**TERESA WAID, Warden,**
**Huttonsville Correctional Center,**

**Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On March 17, 2009, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (docket # 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

The Petition states that Petitioner is serving two habitual life sentences concurrently for aggravated robbery. (# 1, at 1.) It recites:

> For the past 13.5 years, I have been denied the right to appeal my conviction on Count I in the Kanawha County Circuit Court. Over the course of the past 13.5 years the trial court has been reminded of my desire to appeal my conviction, on several occassions [sic; occasions]. In fact, a habeas petition has been languishing before the court for the past 4 years. Given these facts, I believe that the State has forfeited its right to insist on "exhaustion."

Id., at 5.

Petitioner raises five grounds for relief:

> Ground one: For the past 13 years, I have been denied the right to appeal my conviction in Count I.
>
> After the jury returned with a guilty verdict in October of 1996, I transmitted a letter to the trial court clearly expressing a desire to challenge my conviction. This letter remains part of my court file. I also informed my court-appointed attorney that I wished to pursue an appeal. Furthermore, in 2005, I filed a habeas petition in Circuit Court alleging that I had been denied my right to pursue an appeal. When the trial court ignored this petition, I filed a mandamus petition with the West Virginia Supreme Court seeking to compel the lower court to address my petition in a timely fashion. The trial court responded by appointing the Kanawha County Public Defender's Office to represent me. Since 2005, I have repeatedly written to my public defender and begged her to take some action on my behalf.
>
> Despite all of the efforts described above, I have not been permitted to pursue an appeal of my conviction in Count I. Because more than 13 years have passed since my jury trial, I believe that my right to Due Process has been violated.
>
> Ground two: The evidence presented at my trial upon Count I was insufficient to support a guilty verdict upon the charge of Aggravated Robbery.
>
> The evidence presented at my trial indicated that I had committed a purse snatching. There was no evidence to indicate that a weapon had been used, that the threat of a weapon had been used, that bodily injury had occurred or that the victim had been placed in fear of bodily injury. Because no evidence was presented to support a conviction upon the charge of aggravated robbery, I believe that my right to Due Process has been violated.
>
> Ground three: With respect to Count I, the trial court lacked jurisdiction to impose a life sentence under the West Virginia Habitual Criminal Act.
>
> [Argument omitted.]

> Ground four: Ineffective assistance of counsel.
>
> [Specification of the alleged ineffectiveness of attorney Theodore R. Dues omitted.]
>
> Ground five: Ineffective assistance of habeas counsel.
>
> On September 22, 2006, the West Virginia [Supreme] Court of Appeals found that my petition for Writ of habeas corpus had grounds for relief. The Circuit Court of Kanawha County was ordered to appoint counsel to represent me of my habeas from the PUBLIC DEFENDERS OFFICE. The PUBLIC DEFENDERS OFFICE appointed attorney Paula Cunningham around November 2006, but she never actually started in February 2007, she said that she thought that the[re] was a conflict of interest by representing me. Finally, in February 2007, I gave Ms. Cunningham copies of my habeas petitions and I asked her to file my petition in the court of Judge Jennifer Bailey-Walker. Ms. Cunningham told me that first she needed to investigate the 96-F-34 case to see if that was the way to proceed, I agreed. After several months, Ms. Cunningham advised me that she believed that the best course of action was to present me before the court and have me re-sentenced. By following this procedure, Ms. Cunningham assured me that I would have all my appellate rights reinstated. It's now 2 years later, March 10, 2009, after numerous conversations, visits and letters from me that there has not been any habeas filed in Circuit Court on my behalf! I have went so far as to contact Mr. Greg Ayers, Ms. Cunningham's supervisor about my concerns and he assured me that he had spoken to Ms. Cunningham and that she would get some paperwork in the mail for me to sign, this was in January 2009, and as of today, this has not happened. * * *

Id., at 19.

The undersigned's investigation of this matter reveals that in an Order entered September 22, 2006, Judge Bailey-Walker concluded that, based on his *pro se* petition, "the petitioner may have grounds for [habeas corpus] relief" and appointed the Kanawha County Public Defender to represent him. Daniels v. Haines, No.

05-MISC-265 (Cir. Ct. Kanawha, Sept. 22, 2006). Review of that file indicates that the case did not progress. Petitioner filed a "motion to dismiss habeas counsel." Judge Bailey-Walker noted that "this matter has been stagnant on the Court's docket," denied Petitioner's motion, and ordered habeas counsel to file an amended petition for post-conviction habeas corpus relief no later than April 30, 2009. Id., Order entered March 31, 2009. Court staff determined that an amended petition was filed on Petitioner's behalf on April 30, 2009.

On May 13, 2009, the undersigned proposed that the presiding District Judge find that Petitioner had not exhausted his state court remedies concerning the claims raised in the instant section 2254 petition, and recommended that the petition be dismissed, without prejudice, pending exhaustion of such remedies. On May 21, 2009, Petitioner filed objections to the undersigned Proposed Findings and Recommendation. (# 14).

On June 11, 2010, the presiding District Judge issued a Memorandum Opinion sustaining Petitioner's objections to the extent that the matter was again referred to the undersigned for further consideration of whether Petitioner's failure to exhaust the stat court process should be excused. (# 20). The undersigned then ordered further briefing by the parties. (# 21).

On July 23, 2010, Respondent filed the instant Motion to Dismiss Petition as Untimely Filed (# 23) and a Memorandum of Law

in support thereof (# 24). Respondent also filed a Motion for an Enlargement of Time to Answer (# 26), seeking additional time to address the exhaustion issue. According to the Motion for Enlargement of Time, the state habeas court was to schedule an omnibus habeas corpus evidentiary hearing. The court also ordered supplemental briefing prior to the hearing. (# 26 at 1). However, according to the Circuit Clerk's Office, no hearing has taken place to date.

On July 27, 2010, the undersigned vacated the portion of her June 23, 2010 Order directing a response on the exhaustion issue because, if the petition was untimely, there would be no need to address the exhaustion issue. (# 27).

Petitioner filed a Reply to the Motion to Dismiss on August 26, 2010. (# 28). The parties' positions in their briefs will be discussed below.

## ANALYSIS

### A. Respondent's Motion to Dismiss Petition as Untimely.

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Petitioner was convicted after the enactment of the AEDPA, and his case is subject to its provisions.

Respondent has filed a Motion to Dismiss Petitioner's section 2254 petition as being time-barred under the provisions above (# 24). The circumstances surrounding Petitioner's state habeas corpus proceedings are significant to a determination of whether his section 2254 petition is time-barred.

Petitioner's conviction became final on or about October 15, 1999, when the time for filing his direct appeal to the Supreme Court of Appeals of West Virginia expired. Thus, under section 2244(d)(1)(A), Petitioner had until October 15, 2000, to file a

section 2254 petition, unless Petitioner had properly filed an application for state post-conviction or other collateral review, which would toll the statute during the pendency of those proceedings. 28 U.S.C. § 2244(d)(2).

Petitioner did not file his Circuit Court habeas corpus petition until June 7, 2005, almost five years after the expiration of the statute of limitations. Therefore, the filing of that petition did not toll the statute, and Petitioner's present section 2254 petition, which was filed on March 17, 2009, is untimely.

On August 26, 2010, Petitioner filed a "Reply to Respondent's Motion to Dismiss," which argues as follows:

> [Respondent's] argument ignores well-known West Virginia law. Although Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure requires that an appeal of a criminal conviction be filed within four months of the circuit court's sentencing order, transcripts of criminal trials are almost never prepared within four months. Thus, circuit courts are routinely required to enter re-sentencing orders after the transcripts become available. See, e.g., State v. Merritt, 396 S.E.2d 871, 876 (W. Va. 1990); Pratt v. Holland, 338 S.E.2d 236, 237 (W. Va. 1985). Such re-sentencing is the only means to avoid violating a convicted defendant's constitutional right to a transcript and to an appeal.
>
> Likewise, re-sentencing is mandated where the inaction of appellate counsel would otherwise result in the denial of a defendant's right to appeal. See Syl. Pt. 2 Pratt (the constitutional right to appeal cannot be destroyed by counsel's inaction). Thus, as the Respondent's attorney is certainly aware, the Petitioner here is entitled to re-sentencing. In other words, the Petitioner's conviction is not final and the AEDPA's limitation period is irrelevant.

(# 28 at 2). Petitioner's "Reply" further states that "despite

repeated requests for an appeal, his trial counsel, Theordore R. Dues, Jr. failed to file a notice of intent to appeal, failed to request transcripts be prepared and, ultimately, failed to seek appellate review for his client." (Id. at 1). Thus, it would appear that Petitioner is requesting that the court equitably toll the one-year statute of limitations because he never filed a Petition for Appeal of his conviction in the state court.

The United States Court of Appeals for the Fourth Circuit has held that the limitation period set forth in 28 U.S.C. § 2244(d) is subject to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 329-330 (4th Cir. 2000).[1] As to when equitable tolling should apply, the Fourth Circuit has stated:

> We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. at 330. The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where extraordinary circumstances beyond the

---

[1] The Supreme Court has not specifically ruled on whether section 2244(d) allows for equitable tolling. However, in Lawrence v. Florida, 549 U.S. 327, 336 (2007), the Court assumed that equitable tolling was available under that statute, based upon the agreement of the parties, but found that it was not warranted under the circumstances of that particular case.

plaintiff/petitioner's control made it impossible to file the claims on time. Id.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. Diguglielmo, 544 U.S. 408, 418 (2005)(citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). The United States Court of Appeals for the Fourth Circuit has reserved equitable tolling for "'those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(en banc)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008).

The issues addressed by Petitioner have no effect on when the one-year statute of limitations for filing a section 2254 petition concerning Petitioner's criminal conviction and sentence should begin to run. Petitioner's argument for equitable tolling is insufficient to alter the date upon which the one-year statute of limitations began to run, or when it expired. Despite Petitioner's assertions that Mr. Dues did not pursue appellate review on his behalf, Petitioner has not demonstrated that he has been diligent in his own pursuit of his state post-conviction remedies, as he

took no action whatsoever in the state courts until June 7, 2005, when he filed his first pro se post-conviction motion. Nothing prohibited Petitioner from seeking relief in the state courts prior to that time.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition is untimely under 28 U.S.C. § 2244(d)(1). The undersigned further proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated extraordinary circumstances that would warrant equitable tolling of the statute of limitations. The undersigned further proposes that the presiding District Judge **FIND** that Petitioner's lack of diligence in pursuing his state court remedies should not excuse Petitioner from the exhaustion requirement, and that the exhaustion issue is futile in light of the untimeliness of the section 2254 petition.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 is untimely and it is respectfully **RECOMMENDED** that the petition be dismissed with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Senior District Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

October 4, 2010
Date

Mary E. Stanley
United States Magistrate Judge