IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**MYRON D. DANIELS,**
      Petitioner,

v.                                  Case No. 2:09-cv-00244

**TERESA WAID**, Warden,
Huttonsville Correctional Center,
      Respondent.

### MEMORANDUM OPINION AND ORDER

Before the court is respondent's motion to dismiss petition as untimely filed (Doc. # 23). For reasons more fully explained below, the court **GRANTS** respondent's motion.

### I. Factual and Procedural Background

Petitioner Myron Daniels ("Daniels") is currently serving two habitual life sentences for aggravated robbery.[1] Daniels' right to file an appeal with the Supreme Court of Appeals of West Virginia expired on or about October 15, 1999, four months after Daniels was sentenced. See W. Va. R. Crim. P. 37(b)(3). It appears from the record that no appeal was filed on Daniel's behalf.

---

[1] Daniels' petition states that he was convicted of one count of aggravated robbery in the Circuit Court of Kanawha County, West Virginia in October 1996 and that he pled guilty to another count of aggravated robbery, also in Kanawha County Circuit Court, in June 1999. Petitioner was sentenced for both convictions on June 14, 1999. See Petition for Writ of Habeas Corpus (Doc. # 1), p. 1.

*A. Daniels' state habeas corpus petition*

On June 7, 2005, approximately five and a half years after he was sentenced, Daniels filed a petition for writ of habeas corpus in the Kanawha County Circuit Court. After receiving no ruling on his petition, Daniels sought a writ of mandamus from the Supreme Court of Appeals of West Virginia in April 2006 to compel the Circuit Court to take action in his case. See Petition for Writ of Habeas Corpus (Doc. # 1), pp. 3-4.

On September 22, 2006, the Kanawha County Circuit Court appointed the Kanawha County Public Defender to represent Daniels. See Proposed Findings and Recommendation (Doc. # 29), p. 3. The Circuit Court based its decision to appoint counsel on its assessment that "the petitioner may have grounds for [habeas corpus] relief." See id.

Following the Circuit Court's appointment of habeas counsel, Daniels' state habeas petition once again stalled in the Kanawha County Circuit Court. Consequently, Daniels filed a motion to dismiss habeas counsel, which the Circuit Court denied. See id. at 4. In an effort to move the case along, the Circuit Court ordered Daniels' habeas counsel to file an amended habeas petition on Daniels' behalf no later than April 30, 2009. See id. Daniels' counsel timely filed an amended state habeas petition. See id.

*B. Daniels' federal habeas petition*

On March 17, 2009, Daniels filed the instant petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 with this court. By Standing Order, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Stanley submitted to the court her first Proposed Findings and Recommendation on May 13, 2009, in which she recommended that the district court dismiss Daniels' petition because he had failed to exhaust his state remedies prior to filing his federal habeas petition. On May 21, 2009, Daniels filed objections to Magistrate Judge Stanley's Proposed Findings and Recommendation. On June 11, 2010, this court entered a Memorandum Opinion sustaining Daniels' objections and referred the matter back to Magistrate Judge Stanley for further consideration. See Memorandum Opinion and Order (Doc. # 20), pp. 3-4. The court referred the matter back to Magistrate Judge Stanley "for consideration of whether petitioner's failure to exhaust the state court process should be excused" in light of the delay in Daniels' state habeas proceeding. See id. at 4.

After Magistrate Judge Stanley ordered the parties to submit additional briefing on the exhaustion issue, respondent filed the instant motion to dismiss petition as untimely filed. Daniels responded to the motion to dismiss. On October 4, 2010,

Magistrate Judge Stanley submitted her Proposed Findings and Recommendation with regard to respondents motion to dismiss petition as untimely filed and recommended that the court grant respondent's motion.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's Proposed Findings and Recommendation.

## II. Petitoner's Objections

Daniels filed his objections to Magistrate Judge Stanley's Proposed Findings and Recommendation on October 19, 2010. As such, his objections were timely. This court has conducted a de novo review of the record as to all of the objections, and addresses each objection in turn. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

*A. Daniels' conviction did not become final in October 1999*

Daniels' first objection is that contrary to Magistrate Judge Stanley's finding, his convictions for aggravated robbery did not become final in October 1999. See Objections to Proposed Findings and Recommendation (Doc. # 30), p. 2. Daniels argues that since he was denied the right to appeal his conviction by virtue of his trial counsel's inaction, he is entitled to

resentencing.  In support of his contention, Daniels cites cases from West Virginia state habeas corpus proceedings, in which courts have re-sentenced prisoners who either did not receive transcripts in time to file an appeal, or whose counsel did not properly file an appeal on their behalf.  See Petitioner's Response to Respondent's Motion to Dismiss (Doc. # 28), p. 2 (citing Pratt v. Holland, 338 S.E.2d 236, 237 (W. Va. 1985); State v. Merritt, 396 S.E.2d 871, 876 (W. Va. 1990)).  Since Daniels believes he is entitled to resentencing, he submits that his conviction never became final.  Consequently, Daniels argues that AEDPA's one-year statute of limitations for filing a writ of habeas corpus in federal court following the conclusion of his period of direct review never started to run for him and, as such, his petition cannot be untimely.[2]

In Jimenez v. Quarterman, the United States Supreme Court reaffirmed that "the possibility that a state court may reopen direct review 'does not render convictions and sentences that are

---

[2] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioners face a one-year statute of limitations for filing their federal habeas corpus petition. Under AEDPA, the one-year statute of limitations begins to run from the latest of four enumerated events.  See 28 U.S.C. § 2244(d)(2).  In Daniels' case, the only applicable event was the date on which his "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Therefore, Daniels' one-year statute of limitations period began to run on the day that he could no longer file an appeal of his conviction under West Virginia state law, which in this case is on or about October 15, 1999.

5

no longer subject to direct review nonfinal.'" <u>Jimenez v. Quarterman</u>, 172 L. Ed. 2d 475, 482, FN 4 (U.S. 2009). While <u>Jimenez</u> discusses a reopening of direct review instead of resentencing, the court finds the two similar in nature for the purpose of determining what bearing the prospect of resentencing might have on the finality of Daniels' conviction. After all, as Daniels contends, his resentencing would be relevant to the statute of limitations issue to the extent that once he is re-sentenced his direct review would also be reopened. As in the instant case, Jimenez claimed to have been "denied his right to a meaningful appeal when he was denied the opportunity to file a <u>pro se</u> brief." <u>Id.</u> at 480. This is, in essence, the same claim that Daniels makes when he alleges that his counsel's failure to file an appeal on his behalf meant that Daniels had "not been given an opportunity to appeal his conviction and, thus, his conviction is not final." <u>See</u> Objections to Proposed Findings and Recommendation (Doc. # 29), p. 2.

In view of <u>Jimenez</u>, Daniels' objection is unavailing because it places the cart before the horse. Daniels' conviction became final once the time for appeal had lapsed. After his conviction, Daniels had a right to seek state habeas corpus relief, which he eventually did, albeit approximately five and a half years after his conviction became final. If he is successful in his state habeas petition, Daniels may eventually be resentenced, an event which may reopen his right to direct review. Daniels cannot

assume, however, that he will at some future point be resentenced, and use that assumption to work backward to conclude that his conviction has not yet become final. <u>Jimenez</u> made clear that the law does not allow such speculation. Accordingly, Daniels' objection is **OVERRULED**.

*B. Daniels is entitled to equitable tolling*

Daniels next objects to Magistrate Judge Stanley's finding that he "took no action whatsoever in the state court until June 7, 2005 and that [he] has not demonstrated sufficient diligence in pursuing his appellate rights." <u>See</u> Objections to Proposed Findings and Recommendation (Doc. # 30), p. 2. Daniels' main contention is that he was in fact diligent, as evidenced by the additional steps he took to try and appeal his conviction.[3] <u>See id.</u> Believing he has been diligent in his pursuit of applicable remedies, Daniels contends that he is entitled to equitable tolling of AEDPA's one-year statute of limitations.

In <u>Holland v. Florida</u>, the United States Supreme Court held that a petitioner is "entitled to equitable tolling only if he shows (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way and

---

[3] Daniels states that "in 1996 he had 'transmitted a letter to the trial court clearly expressing a desire to challenge my conviction.'" <u>See</u> Objections to Proposed Findings and Recommendation (Doc. # 30), p. 2 (citing Petition for Federal Habeas Corpus). Additionally, Daniels states that "shortly after his conviction, he made 'repeated requests for an appeal' to his trial counsel, Theodore R. Dues." <u>See</u> <u>id.</u>

prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). The Supreme Court explained that a court considering whether to grant equitable tolling must be "flexible," avoid "mechanical rules," and make its determination on a case-by-case basis. Id. at 2563. Additionally, the Court noted that whereas serious instances of attorney misconduct may justify equitable tolling, "a garden variety claim of excusable neglect" does not. Id. at 2564. In Holland, the petitioner requested equitable tolling because his counsel, Collins, had failed to file a habeas petition on his behalf under particularly egregious circumstances. As the Supreme Court explained,

> Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

Id. The Court in Holland found that based on this evidentiary showing, the petitioner had established his diligence in trying to pursue his federal habeas corpus rights. See id. at 2565. The Supreme Court left it to the district court to determine on remand whether extraordinary circumstances also existed. Id.

8

Daniels' objection that he was diligent in pursuing his <u>appellate rights</u> and is therefore entitled to equitable tolling with respect to his <u>federal habeas corpus rights</u> is unavailing because it fundamentally confuses two distinct proceedings.

<u>Holland</u>'s diligence inquiry centers on the efforts Daniels undertook to secure federal habeas corpus relief, <u>not</u> the efforts he undertook to secure direct review from the Supreme Court of Appeals of West Virginia.  These two are distinct proceedings and the effect of Daniels' attempt to secure direct review have very little bearing on Daniels' efforts to file a federal habeas corpus petition.  While Daniels alleges in his pleadings that he made numerous requests to his counsel, Theodore Dues, to file an <u>appeal</u> on his behalf, there is nothing in the record to suggest that Daniels made any effort whatsoever to file for <u>federal habeas corpus relief</u> prior to the expiration of the one-year statute of limitations deadline, whether through counsel, or by himself.  Instead, Daniels waited <u>more than nine years</u> to file his federal habeas corpus petition.  Although Daniels might explain the last three or so years of this delay by reference to his pending state habeas petition, he presents no evidence or arguments to explain the first six years between the time of his conviction and when he filed for state habeas relief.  In view of the foregoing discussion, the court finds that Daniels was not

diligent in pursuing his federal habeas rights following his conviction becoming final in October 1999.

The court notes that even if Daniels had been diligent in pursuing federal habeas corpus relief, there is no evidence to suggest that Dues' inaction with respect to seeking direct review constituted "extraordinary circumstances" that would justify equitable tolling. As one court explained in the wake of Holland,

> Further, even assuming petitioner's trial counsel's failure to file a notice of appeal was wrongful or egregious, petitioner does not explain the causal connection between his counsel's failure to file a notice of appeal and his own failure to file his federal habeas petition on time [...] Petitioner's counsel's failure to perfect petitioner's appeal relative to his resentencing simply meant that petitioner had one year from expiration of his time to file notice of appeal in which to initiate a federal habeas action - it did not prevent him from filing a federal petition. See Randle v. Crawford, 604 F.3d at 1047, 1057-58 (9th Cir. 2010).

Ornelas v. Uribe, No. CV 09-8558, 2010 U.S. Dist LEXIS 104338, at *18-19 (C.D. Cal. Aug. 12, 2010). Accordingly, Daniels' objection is **OVERRULED**.

### III. Conclusion

Having overruled petitioner's objections, the court **CONFIRMS** and **ACCEPTS** Magistrate Judge Stanley's proposed findings and recommendation, **GRANTS** respondent's motion to dismiss petition as

untimely filed (Doc. # 23), and **DIRECTS** the Clerk to remove this case from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller- El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The court further directs the Clerk to forward a copy of this Memorandum Opinion & Order to all counsel of record and Petitioner, pro se.

It is **SO ORDERED** this 18th day of March, 2011.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge